**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Regina M. Rodriguez**

Civil Action No. 1:26-cv-05680-RMR

JUAN BAUTISTA CRUZ REYES,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado,
DAVID J. VENTURELLA, Acting Director, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security,
TODD BLANCHE, United States Attorney General, and
NATHAN RASPER, Acting Field Office Director, Denver Field Office, Immigration and Customs Enforcement,

Respondents.

---

**ORDER**

---

This matter is a habeas corpus proceeding. Petitioner was detained by Immigration and Customs Enforcement ("ICE") and filed an Application for Writ of Habeas Corpus, ECF No. 1, seeking his immediate release. Respondents did not contest Petitioner's application, and the Court found that they had waived any challenges thereto. ECF No. 7 (citing *Singh v. Baltazar*, 19 F. Supp. 3d 1247, 1249 (D. Colo. 2026)). The Court granted Petitioner's application and ordered Respondents to release petitioner from custody "without onerous conditions of release," such as mandatory reporting requirements. ECF No. 7.

Respondents then filed a status report stating that Petitioner had been released but issued a "Form G-56 Call-In Letter." ECF No. 8. Respondents argued that this Call-In

Letter was not a condition of release. *Id.* The Court ordered Respondents to produce a copy of the Call-In Letter, ECF No. 9, but they have been unable to do so. ECF No. 10 ("ICE has not been able to obtain a copy of that document by the court-ordered deadline, and it is possible that ICE does not have a copy in its possession.").

Without producing the Call-In Letter, Respondents cannot establish that they have not violated this Court's Order, as the Court cannot determine whether the Call-In Letter constitutes a "condition of release." ICE has previously stated that, if it disputes any portion of an application for a writ of habeas corpus, it will raise those disputes in a response or status report. *See Quintero Alvarez v. Baltazar et al.*, No. 26-cv-04891-CNS, Dkt. No. 27 (D. Colo. Nov. 18, 2026) (summarizing testimony of ICE officer Nathan Rasper). It failed to do so here and did not challenge Petitioner's allegation that his detention was unlawful. As a result, Respondents have no basis to impose a condition upon Petitioner's release from detention—a detention which they did not even attempt to argue was lawful.

Therefore, the Court declares the Form G-56 Call-In Letter **VOID** and **ENJOINS** Respondents from (1) attempting to enforce any conditions which may be set forth in the Letter or (2) imposing any consequences against Petitioner for any failure to comply with the terms of the Form G-56 Call-In Letter.

DATED: November 19, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
Chief Judge, U.S. District Court